No. 2166.—ISAAC MISNER *v.* HEIRS OF D. FULSHIRE et al.

At a probate sale of real estate belonging in part to minor heirs by and with the advice and authorization of a family meeting, approved by the under tutor, the purchaser is bound to pay the price bid. The omission to make the major heirs parties to the proceedings for the order of sale is cured by their failing to make objection before the sale.

APPEAL from the Fifth District Court, parish of East Baton Rouge. *Posey*, J. *White & Robertson*, for plaintiff and appellant. *Stafford & Buckner* and *Joseph Joor*, for defendants and appellees.

WYLY, J. Plaintiff sues to recover the price paid by him to the sheriff of East Baton Rouge for a tract of land adjudicated to him at the succession sale of Mrs. Domatilde Fulshire, deceased, on account of alleged defects in the title, and he enjoins the sheriff from paying over the proceeds of said sale to be partitioned among the heirs.

He urges various irregularities in the proceedings of the family meeting, and in the order of sale, as calculated to impair the title and relieve him from his obligations under the adjudication.

The defendants contend that the plaintiff has complied with the terms of adjudication by paying to the sheriff the price, but refused to accept the deed and receive possession of the land which they tendered him. They deny that there are any defects in the proceedings which invalidate the title of plaintiff; that the tutor cannot complain because the sale was ordered on his own petition; that the order for the sale of the minors' interest in said land was regularly decreed upon the advice of a family, meeting with the approval of the under tutor; that the major heirs, who were not made parties to the sale, cannot contest its validity, because by applying for the partition of the proceeds of said sale and by appearing in this suit to resist the demand of plaintiff, they virtually ratify the sale and are estopped from setting up any adverse claim to said property.

The district judge investigated the case very fully and gave judgment for defendants. We think the evidence sustains his judgment.

The payment of the price and the adjudication completed the contract of sale and the informalities preceding the sale were susceptible of remedy by ratification. The major heirs should have been made parties to the sale, but, in our opinion, they have waived their right to attack it by claiming the price of the purchase.

Plaintiff relies upon the decision in the matter of the succession of J. G. Weber, 16 A. 420. In that case the property was offered for sale at the instance of the tutor of the minor heirs, by an order of the probate court, *without the advice of a family meeting*, and the court held that there was a radical defect in the title and the purchaser properly refused to pay the price.

In the case we are considering, the order for the sale was based upon the advice of a family meeting duly convened by the tutor, approved by the under tutor, and the adjudication was made in pursuance of the order of sale thus granted.

The authorities cited by plaintiff do not sustain his demand.

It is therefore ordered that the judgment appealed from be affirmed with costs.